IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUCAS C. STONECIPHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 20-278-JFH-SPS |
| ) | |
| JOHN CHRISTIAN, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff, a pro se litigant, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, while incarcerated in the Pontotoc County Justice Center ("PCJC") in Ada, Oklahoma.[1]  He is seeking relief for alleged constitutional violations at that facility [Dkt. No. 1].  The defendants are John Christian, Pontotoc County Sheriff; Mike Sinnett, PCJC Jail Administrator, Turnkey Health, PCJC medical provider; and "others unknown," who are employees of the PCJC and prisoners. *Id*. at 3-4.

Plaintiff alleges that around March 2017, he was brutally raped by two other inmates at the PCJC.  Plaintiff's cellmate encouraged Plaintiff to tell the guards, so he could get help. Because Plaintiff was afraid for his life, he waited a few hours before giving a note to two guards called Joanee and Luna.  The guards told Plaintiff they would attempt to have him moved, and after a while he was moved to the front book-in area of the jail.  The next morning, he was asked if he was all right, and he replied that he was not, and he needed

---

[1] Petitioner has notified the Court that he presently resides in Seminole, Oklahoma [Dkt. No. 9].

1

medical attention. Plaintiff asked to speak to one of two particular police officers to file a report. He, however, was advised that it was up to Defendant Sinnett whether Plaintiff could talk to the police and whether he could even report the incident. *Id*. at 8-10.

When Sinnett arrived at the jail, Plaintiff told him about the sexual assault and that he wanted to speak to one of two particular police officers he trusted. Sinnett allegedly became angry and got in Plaintiff's face, saying Plaintiff would not be allowed to speak to the officers he had requested, because "the two officers where [sic] [Plaintiff's] family." Sinnett also said he had viewed the surveillance tape, and Plaintiff was lying about the sexual assault. The guards, however, confirmed the assault to Plaintiff but said they could not help, because Sinnett would get angry. *Id*. at 10-11.

When Plaintiff realized that no jail staff would help him, he told Sinnett that he wanted to file a report. Sinnett allegedly responded by saying it would not do any good, because he would make sure that all the outgoing mail pertaining to the sexual assault would be thrown in the trash. *Id*. at 11-12.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing

court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Statute of Limitations**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Amer. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Dismissal sua sponte under 28 U.S.C. § 1915 for a statute of limitations bar is appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 549 U.S. 1059, *reh'g denied*, 550 U.S. 953 (2007). "In other words, a complaint may not be dismissed by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts." *Id*. Thus, if from the plaintiff's allegations as tendered, it is patently clear that the circumstances would not permit tolling, the court may dismiss the complaint as barred by the statute of

limitations.  *Id*. at 1258-59; *see Jones v. Bock*, 549 U.S. 199, 214 (2007) (If the plaintiff's allegations taken as true "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply state statutes of limitations for personal injury actions in section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  For section 1983 actions arising in Oklahoma, Oklahoma's two-year statute of limitations for personal injury suits applies.  *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1998), *abrogation on other grounds recognized in Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760 (10th Cir. 2013).  In this case, Plaintiff alleges his constitutional rights were violated around March 2017, making his deadline for commencing this action approximately March 2019.  His complaint, however, was not filed until August 13, 2020, more than a year after the deadline.

The Tenth Circuit recognizes that Oklahoma permits the tolling of a statute of limitations for (1) a "legal disability," which Oklahoma courts have applied "only for plaintiffs whose competency is impaired or who have not reached the age of majority;" (2) the "discovery rule," which tolls the statute of limitations until the injured party knows of or should have known of the injury; and (3) for exceptional circumstances.  *Alexander v. Oklahoma*, 382 F.3d 1206, 1217, 1219 (10th Cir. 2004).

After careful review, the Court finds Plaintiff's complaint does not demonstrate that application of Oklahoma's limited tolling exceptions is warranted.  While he asserts he was unable to immediately report the alleged sexual assault, he has provided no evidence in the

5

complaint that exceptional circumstances prevented him from filing a civil rights complaint before the limitations period expired. The Court, however, will grant Plaintiff fourteen (14) days from the entry of this Order to show cause in writing why this action should not be dismissed as barred by the two-year statute of limitations.

**THEREFORE,** Plaintiff is granted fourteen (14) days to show cause in writing why this action should not be dismissed as barred by the applicable statute of limitations. Failure to show cause as directed will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 10th day of November 2020.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE